FILED
2009 Dec-03  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **SHELLEY L. DENSON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:08-cv-2274-CLS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY OF JUDGMENT UNDER SENTENCE FOUR
## OF 42 U.S.C. § 405(g) AND
## ORDER OF REMAND

Claimant Shelley Denson commenced this action on December 8, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating physician, that the ALJ's credibility finding was not based upon substantial evidence, and that the Appeals Council erred in failing to remand for a new hearing in light of new evidence submitted. Upon review of the record, the court finds merit in claimant's second argument.

Claimant argues that the ALJ's credibility finding was not based upon substantial evidence. The ALJ stated the following with regard to claimant's credibility:

> While the claimant alleges that she has severe pain, has to lie down a lot, and has little stamina, she is not very credible for a number of reasons. First, the obesity appears to be her most limiting impairment, but she has had that a long time and worked successfully despite it. Second, other allegations, such as drowsiness from medications and frequent bathroom use are not at all supported by the record and there is little if any report indicating significant ongoing problems with headaches. This strongly suggests that all of her alleged symptoms and restrictions may be overstated. If she was having such difficulty with these problems, one would expect her to have reported them.[1]

---

[1]Tr. at 20.

It is true that the record does not reflect complaints of frequent bathroom use or drowsiness from medications by claimant.  Indeed, Dr. Ali specifically stated on his Medical Assessment of Pain form that claimant would *not* experience serious problems as a result of side effects from her medications.[2]  However, the ALJ's other assessments simply do not find substantial support in the record.  The ALJ was plain wrong when he stated that there was "little if any report" of headache problems.  To the contrary, claimant reported headaches to Dr. Ali each time she visited him.[3]  Further, the ALJ's statement about claimant being able to work "for a long time" despite being obese does not constitute substantial evidence to support his finding of no disability.  Even if claimant was able to work "for a long time" despite her obesity, it is certainly possible that, over time, her obesity continued to exacerbate her other symptoms to the point of substantially interfering with her ability to do work.  The ALJ did not address that possibility, despite noting that most of claimant's back problems "were due to the claimant's weight causing exaggerated curvature of the spine."[4]  The Commissioner has a duty to consider the effect of a claimant's obesity on her functional limitations.  *See* SSR 02-1p, 2000 WL 628049, at *3.[5]  Due to the

---

[2]Tr. at 232.

[3]*See* Tr. at 208-10, 215, 219, 222, 226.

[4]Tr. at 19.

[5]The ALJ did note that claimant had failed to follow the recommendations of her treating physicians that she should lose weight.  Tr. at 18-19.  While a claimant's failure to follow prescribed treatment can properly be considered in evaluating a claimant's credibility, a failure to lose weight cannot necessarily be considered a failure to follow prescribed treatment.

ALJ's failure to properly consider claimant's obesity and reported history of headaches, coupled with claimant's long, consistent history of treatment for complaints of pain,[6] the court must conclude that the ALJ's evaluation of claimant's credibility was not based upon substantial evidence.  Remand is warranted for the ALJ to reevaluate claimant's credibility based upon *all* of the evidence of record, including the record of her complaints of headaches and other pain, and the effects of claimant's obesity on her ability to perform work-related activities.

Because remand is warranted on the grounds stated above, it ordinarily would not be necessary to address claimant's other arguments.  Here, however, claimant asserts that the case must be remanded *for an award of benefits* because of the ALJ's failure to give full weight to the assessment of Dr. Muhammad Ali, claimant's

---

A physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake such treatment. *Johnson v. Secretary of Health and Human Services*, 794 F.2d 1106, 1113 (6th Cir.1986). McCall's obesity, of itself, does not justify the conclusion that she has refused treatment nor the consequent denial of disability benefits. *See Johnson*, 794 F.2d at 1113 ("it is impermissible ... to presume that obesity can be remedied."); *Stone v. Harris*, 657 F.2d 210, 212 (8th Cir.1981).

*McCall v. Bowen,* 846 F.2d 1317, 1319 (11th Cir. 1988).  The ALJ did not discuss claimant's attempts at weight loss, except to note that the attempts were unsuccessful, and he did not discuss whether the weight loss was *prescribed*, or merely *recommended*, by claimant's physicians. Therefore, there could be no basis for the ALJ's opinion that claimant's credibility was undermined by her failure to lose weight.

[6]*See* SSR 96-7p ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").

treating pain management physician.[7]   Thus, the court must address claimant's argument before determining the proper course of action upon remand. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).   Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

Dr. Ali completed a "Medical Assessment of Pain" form on January 16, 2008. He indicated that claimant exhibited the following objective signs of pain:  muscle spasms in the neck, shoulder, and lower back; muscle atrophy; weight gain; and impaired sleep.  However, other objective signs of pain, such as reduced range of motion, positive straight leg raising tests, abnormal gait, reflex changes, tenderness, crepitus, swelling, and impaired appetite, were absent.  Dr. Ali stated that all of claimant's days could be characterized as "bad days," although some days would be worse than others.  He also indicated that claimant's pain was "moderately severe,"

---

[7]*See* doc. no. 9 (claimant's brief), at 18 ("The ALJ's reasons for rejecting the opinion of Dr. Ali, Ms. Denson's treating pain management physician, are not based on substantial evidence.  The ALJ's failure to provide specific substantiated reasons for discrediting a treating provider's opinion requires that the opinion be deemed true as a matter of law.  *See McGregor v. Bowen,* 786 F. 2d 1050, 1053 (11th Cir. 1986).  Once deemed true, these opinions, coupled with the VE's testimony, establish that Ms. Denson cannot perform sustained work activities and is disabled.").

which was defined as "pain that could be tolerated with medication but would cause marked handicap in the performance of the activity precipitating the pain, such as to be distracting to adequate performance of daily activities of work." Physical activity (such as walking, standing, bending, stooping, and moving of extremities) would greatly increase claimant's pain to such a degree as to cause distraction from or total abandonment of tasks. Dr. Ali also indicated that claimant's prescribed medications might cause some limitations, but not to such a degree as to create serious problems, and that emotional factors (such as depression) contributed to the severity of claimant's symptoms and functional limitations. Dr. Ali stated that claimant's impairments were reasonably consistent with the symptoms and functional limitations described, and that claimant's condition had lasted or could be expected to last twelve months or more. Finally, Dr. Ali indicated that claimant suffered from additional limitations including difficulty concentrating, short-term memory deficits, and the need to avoid excess humidity in her work environment.[8]

The ALJ assigned "little weight" to Dr. Ali's assessment of moderately severe pain that would be greatly increased by activity.[9] To support that decision, the ALJ stated that the record did not support Dr. Ali's findings of muscle spasms in the neck, shoulders, and back, and that the record did not document any more than mild

---

[8]Tr. at 231-32.
[9]Tr. at 20.

degenerative changes of her lumber spine, and did not indicate any neuropathy, radiculopathy, or carpal tunnel syndrome. Further, the ALJ noted that Dr. Ali only recommended that claimant follow up in one year, indicating that claimant's symptoms were not sufficiently severe to require more frequent monitoring. Finally, the ALJ noted that Dr. Ali's assessment appeared to be inconsistent with those of claimant's other treating and examining physicians, who recommended a combination of diet and exercise to improve her condition. Those conclusions were supported by substantial evidence. This remains true despite the fact that Dr. Ali treated claimant for back and neck pain and headaches with medication and site injections. The Commissioner has not disputed that claimant suffers some pain. Even so, it is not the mere presence of pain that informs the disability determination process, but the existence of functional impairments so severe as to seriously interfere with claimant's ability to perform gainful work activity. *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting

*Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).

In summary, the ALJ properly considered Dr. Ali's assessment.  Therefore, the case will not be remanded for an award of benefits, but for further consideration of claimant's ability to perform gainful work activity, as discussed *supra.*[10]

Accordingly, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The clerk is directed to close this file.

DONE this 3rd day of December, 2009.

_____
United States District Judge

---

[10]As remand is warranted on the grounds discussed herein, there is no need to evaluate the claimant's other argument, *i.e.,* whether the case should be remanded for the evaluation of new evidence.